**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lamont Rider, | No. CV-23-02373-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. |  |
| Mercy Care, |  |
| Defendant. |  |

Before the Court are Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.      Application to Proceed in District Court Without Prepaying Fees or Costs**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a).  In the application to proceed without prepaying fees or costs, Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case.  Plaintiff presents financial information to support his application.  Given Plaintiff's lack of income and the absence of any significant assets, his motion will be granted.

**II. LEGAL STANDARDS**

A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)

With respect to in forma pauperis proceedings, the Court shall dismiss such action

1  at any time if it determines that:

2       (A) the allegation of poverty is untrue; or

3       (B) the action or appeal-

4       (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

5

6  28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000)

7  (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed

8  by prisoners).  The Court must therefore dismiss an in forma pauperis complaint if it fails

9  to state a claim or if it is frivolous or malicious.  *Lopez,* 203 F.3d at 1127 ("It is also clear

10  that section 1915(e) not only permits but requires a district court to dismiss an in forma

11  pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-

12  27 (9th Cir. 1984).

13       In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure

14  provides that a complaint must include:  (1) "a short and plain statement of the grounds for

15  the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the

16  pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

17  The short and plain statement for relief "need not contain detailed factual allegations;

18  rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"

19  *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl.*

20  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "demands more than an unadorned,

21  the-defendant-unlawfully-harmed-me accusation," *see also Ashcroft v. Iqbal*, 556 U.S.

22  662, 678 (2009), and "conclusory allegations of law and unwarranted inferences are not

23  sufficient,"  *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998). Further, "[e]ach

24  allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

25       Where a complaint contains the factual elements of a cause of action, but those

26  elements are scattered throughout the complaint without any meaningful organization, the

27  complaint does not set forth a "short and plain statement of the claim" for purposes of Rule

28  8.  *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988).  A complaint may

1  be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under

2  a cognizable legal theory, or contains allegations disclosing some absolute defense or bar

3  to recovery.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988);

4  *Weisbuch v. County of L.A.,* 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

5          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

6  must "continue to construe pro se filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

7  (9th Cir. 2010).  A "complaint [filed by a pro se litigant] 'must be held to less stringent

8  standards than formal pleadings drafted by lawyers.'"  *Id*. (quoting *Erickson v. Pardus,* 551

9  U.S. 89, 94 (2007) (per curiam)).

10         If the Court determines that a pleading could be cured by the allegation of other

11 facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

12 of the action.  *See Lopez*, 203 F.3d at 1127-29.  "It is also clear that section 1915(e) not

13 only permits but requires a district court to dismiss an in forma pauperis complaint that

14 fails to state a claim."  *Id*. at 1127.

15         **B.  Subject Matter Jurisdiction and Pleading in Federal Court**

16         Unlike state courts, federal courts only have jurisdiction over a limited number of

17 cases, and those cases typically involve either a controversy between citizens of different

18 states ("diversity jurisdiction") or a question of federal law ("federal question

19 jurisdiction").  *See* 28 U.S.C. §§ 1331, 1332.  The United States Supreme Court has stated

20 that a federal court must not disregard or evade the limits on its subject matter jurisdiction.

21 *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Thus, a federal court

22 is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case

23 when subject matter jurisdiction is lacking.  *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115,

24 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

25         **C.  42 U.S.C. § 1983**

26         To prevail in a 42 U.S.C. § 1983 claim, a plaintiff must show that (1) acts by the

27 defendant (2) under color of state law (3) deprived him of federal rights, privileges or

28 immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158,

1      1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game*

2      *Comm'n,* 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he

3      suffered a specific injury as a result of the conduct of a particular defendant, and he must

4      allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v.*

5      *Goode*, 423 U.S. 362, 371-72, 377 (1976).

6           Determining whether an entity is subject to suit under § 1983 is the "same question

7      posed in cases arising under the Fourteenth Amendment:  is the alleged infringement of

8      federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med.*

9      *Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838

10     (1982)).  For a court to answer this question in the affirmative, a plaintiff must show that

11     two requirements are met: (1) the deprivation to the plaintiff by the entity "must result from

12     a governmental policy," and (2) "the party charged with the deprivation must be a person

13     who may fairly be said to be a [governmental] actor."  *Id.*  Municipalities and other local

14     governmental entities may be sued under 42 U.S.C. § 1983 for the acts of their officials

15     only if a plaintiff can prove that the constitutional deprivation was the result of a custom

16     or policy of the governmental entity.  *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-

17     691 (1978).  A local government cannot be held liable for the acts of its employees under

18     the theory of respondeat superior.  *Bd. Of County Comm'rs of Bryan County Okla. v.*

19     *Brown*, 520 U.S. 397, 403 (1997).  Simply because a municipality employs a wrong-doing

20     official does not create liability on behalf of the municipality.

21          **D.  Plaintiff's Complaint**

22          In his Complaint form Plaintiff names "Mercy Care" as the Defendant and checks

23     the "State or local officials (a § 1983 claim)" box in Section II A.  Plaintiff leaves blank,

24     however, Section II B, requesting Plaintiff to articulate "what federal constitutional or

25     statutory right(s) do you claim is/are being violated by state or local officials."  Plaintiff

26     also leaves blank Sections II C and II D.  Plaintiff states that on October 13, 2023 his

27     insurance was "cut off by an unknown assailant."   He added that "Crystal" from

28     Community Bridges called him to clarify his claim and Adelante Health Care tried to

1  charge him  (Doc. 1 at 4).  Plaintiff seeks money for treatment of medical and dental

2  conditions (Id. at 5).

3       Liberally construing the factual allegations of Plaintiff's Complaint and drawing all

4  reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has failed to allege

5  sufficient facts to set forth a viable claim for relief.  Plaintiff has failed to articulate what

6  federal or constitutional rights he believes the Defendant violated and how the Defendant

7  violated those rights.  Plaintiff has failed to set forth any policy or custom of the Defendant

8  resulting in a constitutional deprivation.  The Complaint does not satisfy the federal

9  pleading requirements.  *See* Fed. R. Civ. P. 8(a).

10      If a defective complaint can be cured, the plaintiff is entitled to amend the complaint

11 before the action is dismissed.  *See Lopez*, 203 F.3d at 1127-30.  Therefore, the Court will

12 give Plaintiff an opportunity to amend his complaint.  Any amended complaint filed by

13 Plaintiff must conform to the requirements of the Federal Rules of Civil Procedure.  If

14 Plaintiff does not file an amended complaint, or if Plaintiff files an amended complaint and

15 fails to comply with the instructions in this order, the assigned magistrate judge will issue

16 a Report and Recommendation recommending that the Complaint, or amended complaint,

17 be dismissed pursuant to 28 U.S.C. § 1915(e) and Rule 41(b) of the Federal Rules of Civil

18 Procedure.[1]

19      **CONCLUSION**

20      For the reasons set forth herein,

21      **IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court

22 without Prepaying Fees or Costs (Doc. 2).

23      **IT IS FURTHER ORDERED** that within fourteen days of this order Plaintiff must

24 file an amended complaint that cures the deficiencies identified in this order.

25

26 [1] Because no defendant has been served and, therefore, no defendant has consented to magistrate judge jurisdiction, the assigned magistrate judge lacks jurisdiction to dismiss
27 the Complaint and therefore, if dismissal is appropriate, will issue a Report and Recommendation to a United States District Judge. *See Williams v. King*, 2017 WL 5180205, at *3 (9th Cir. Nov. 9, 2017) (holding that the absence of consent from unserved
28 defendants deprived the magistrate judge of jurisdiction to dismiss the complaint); *see also* 28 U.S.C. § 636(c).

1       **IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint

2  that complies with the instructions in this order, within fourteen days of this order, the

3  assigned magistrate judge will issue a Report and Recommendation recommending that the

4  Complaint be dismissed pursuant to 28 U.S.C. § 1915(e) and Rule 41(b).

5       **IT IS FURTHER ORDERED** that if Plaintiff files a compliant amended

6  complaint, it may not be served until the Court screens the amended complaint pursuant to

7  28 U.S.C. § 1915(e)(2).

8       Dated this 23rd day of January, 2024.

9

10

11                              Honorable Eileen S. Willett

12                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28