# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lamont Rider,<br><br>          Plaintiff,<br><br>v.<br><br>Mercy Care,<br><br>          Defendant. | No. CV-23-02373-PHX-ESW<br><br>**REPORT**<br>**AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE, UNITED STATES DISTRICT JUDGE:**

On November 13, 2023, Plaintiff filed a pro se Complaint (Doc. 1) and an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). In its January 23, 2024 Order (Doc. 9), the Court granted Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. In that Order, the Court also found that Plaintiff had failed to allege sufficient facts in his Complaint to set forth a viable claim for relief. (*Id.* at 5). The Court gave Plaintiff leave to file an amended complaint within fourteen days that cured the deficiencies in the Complaint. (*Id.*). Plaintiff was advised that if he failed to timely file an amended complaint, the Magistrate Judge would issue a Report and Recommendation recommending that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e) and Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 5-6).

The Court presumes that Plaintiff received the January 23, 2024 Order (Doc. 9) as

it was mailed to his address of record and was not returned to the Court. As of the date of this Report and Recommendation, Plaintiff has not filed an amended complaint.

Plaintiff has the general duty to prosecute this case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). Plaintiff's failure to file an amended complaint as directed constitutes failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to abide by the Court's Order (Doc. 9) prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b)

provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In this case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The undersigned therefore recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

For the above reasons,

**IT IS RECOMMENDED** that the Court dismiss the Complaint (Doc. 1) without prejudice for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 28th day of August, 2024.

Honorable Eileen S. Willett
United States Magistrate Judge